ANTHONY HOGAN,                )
                                        )
           Petitioner,        )
                                          )
     vs.                      )        CAUSE NO. 3:11-CV-0098 PS
                                          )
SUPERINTENDENT, Indiana State Prison,   )
                                          )
           Respondent.     )

## OPINION AND ORDER

Petitioner Anthony Hogan, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 [DE 1], concerning a disciplinary hearing. According to the petition, the disciplinary hearing officer found the Petitioner guilty of possession of a deadly weapon, and imposed a loss of 30 days of earned credit time [*Id.*].

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." 28 U.S.C. § 2254. This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those that obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974); *see also Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992).

There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

In ground one of his petition, Hogan asserts that his hearing officer was not impartial. Hogan alleges that "[t]he hearing officer's bias is exposed in a number of ways" [DE 1 at 8], including because the officer did not credit Hogan's statements, failed to consider the place the weapon was found hidden, failed to consider the fact that Hogan was not found in actual possession of the weapon, and because of the hearing officer's "systemic reliance on the 'content of the conduct report'" [DE 1 at 9].

Due process requires that decision-makers in prison disciplinary proceedings be impartial in the sense that they must have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984) ("due process prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body") (internal quotation marks and citations omitted). *Wolff* guarantees that the author of the conduct report or someone involved in investigating the incident does not serve as a hearing officer. *Redding*, 717 F.2d at 1113.

Hogan does not allege that the hearing officer had any involvement in investigating the charge against him or charging him with possession of a weapon. Rather, Hogan complains that the hearing officer found the conduct report more credible than Hogan's own testimony and the evidence Hogan believes undermines the charge against him. *Wolff* does not guarantee that a prisoner will have a hearing officer who will not make mistakes in weighing the evidence, only

that the author of the conduct report or someone involved in investigating the incident does not serve as a hearing officer. *Id.* Nothing in Hogan's petition for writ of habeas corpus supports an allegation that his hearing officer was not impartial within the meaning of *Wolff v. McDonnell***.**

In ground two of his petition, Hogan alleges that there was no evidence to support a finding of guilt. Giving Hogan the benefit of the inferences to which he is entitled at this stage of the proceedings, this ground may state a claim upon which relief may be granted.

For the foregoing reasons, the Court:

(1) **GRANTS** the Petitioner leave to proceed on Ground Two of his petition for writ of habeas corpus—that the evidence in the record does not support a finding of guilt;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, **DENIES** the Petitioner leave to proceed on Ground One of his petition and

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause, which the Court will enter simultaneously with the entry of this order.

**SO ORDERED**.

ENTERED: June 20, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT