UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY HOGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-0098 PS |
| | ) |
| SUPERINTENDENT, Indiana State Prison, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On November 7, 2011, Lieutenant James Meehan, a correctional officer at the Indiana State Prison, wrote a conduct report charging inmate Anthony Hogan with possession of a deadly weapon – an 8 ½ inch shank or knife. [DE 15-1.] The weapon was found inside the locking device of the cell door and, according to the conduct report, it was accessible to the occupant of the cell. [*Id.*] On November 19, 2011, the disciplinary hearing officer found Hogan guilty and docked him thirty days of earned credit time. Hogan unsuccessfully appealed to the Indiana State Prison Superintendent [DE 15-6], and then to the Indiana Department of Correction Final Reviewing Authority [DE 15-7].

Hogan filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his loss of earned credit time. I reviewed Hogan's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and granted him leave to proceed on his claim in ground two of his petition that the hearing officer found him guilty without sufficient evidence. I dismissed ground one of the petition in which Hogan asserted that he was denied an impartial hearing officer.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision

maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974). Only "some evidence" is needed to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Hogan alleges that there was no evidence to support a finding of guilt. The problem with this argument is that the amount of evidence needed to support a finding of guilt in the context of prison disciplinary hearings is very modest. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the disciplinary hearing board. *Id.* at 455-56. The Seventh Circuit has gone so far as to call the "some evidence" standard a "meager threshold." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). In fact, in the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The evidence that Hogan possessed a weapon is more than meager.

In his conduct report, Lieutenant Meehan states that he and other correctional officers found an 8½ inch knife in the locking device of Hogan's cell. He further states that, in his opinion, the knife could only have been placed in the locking device by the cell occupant, Hogan. In addition to the conduct report, the hearing officer also considered the Evidence Record and photographs of the knife that was removed from the locking device of Hogan's cell [DE 15-2].

Hogan argues that the evidence in this case is insufficient because Lieutenant Meehan had "no personal knowledge of how the weapon came to be in the [cell] door, or how long it had been there" [DE 17-1 at 2]. He also asserts that when the cell door was open someone other than the occupant could have placed something in the locking devise, that the evidence does not show

2

that he placed the weapon in the locking device of his cell door, and that, in his opinion, he could not have retrieved the weapon. Hogan argues that the evidence "merely proves that a knife was found in the door, not that the petitioner ever possessed it" [DE 17-1 at 3].

Hogan's attempt to posit other possibilities as to how the knife got into his cell or to otherwise poke holes in the evidence does not mean that there isn't some evidence that he is the one actually responsible for the weapon. Recall that the standard of review is a very lenient one. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The undisputed fact that correctional officers recovered a knife from the locking device of Hogan's cell provides sufficient evidence under the applicable standard to support a finding that Hogan was guilty of possession of a dangerous weapon. Where a weapon is found in an inmate's cell, he may be found guilty of possession of the weapon by joint or constructive possession. *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1999) (due process is not violated when a prisoner is disciplined for possession of a weapon found in a cell occupied by the prisoner and three other inmates because there was "some evidence" that the prisoner possessed the weapon). Under the reasoning of *Hamilton*, there is plainly some evidence that Hogan possessed the knife found in the locking device of a cell that he occupied.

For the foregoing reasons, the Petition for Writ of Habeas Corpus is **DENIED** [DE 1].

**SO ORDERED**.

ENTERED: May 16, 2012

                                                  s/ Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT