**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

ANTHONY HOGAN,                         )
                                       )
          Petitioner,               )
                                       )
   vs.                               )     CAUSE NO. 3:11-CV-98 PS
                                       )
SUPERINTENDENT, Indiana State Prison,  )
                                       )
          Respondent.               )

**OPINION AND ORDER**

On November 7, 2010, Lieutenant James Meehan, a correctional officer at the Indiana State Prison, wrote a conduct report charging inmate Anthony Hogan with possession of a deadly weapon [DE 15-1]. Lieutenant Meehan stated in his conduct report that correctional officers found an eight-and-a-half inch homemade knife, known as a shank, in the locking device of Hogan's cell, and that, in his opinion, the knife could only have been placed in the locking device by the cell occupant [*Id.*]. On November 19, 2010, the disciplinary hearing officer found Hogan guilty and imposed a loss of thirty days of earned credit time [DE 15-5]. Hogan filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his loss of earned credit time, which I denied on May 16, 2012 [DE 20].

Hogan has filed a motion to correct errors pursuant to Fed. R. Civ. P. 59(A) and/or to have the Court reconsider its denial of habeas relief [DE 22], which I construe as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60.

> Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by

contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted).

Hogan argues in his motion that "[t]his court erroneously reweighed the evidence and ignored the basis for the hearing officer[']s finding" [DE 22 at 2]. Hogan reasons that he set forth "many facts" in his habeas petition that were "undisputed by the State of Indiana, in its Response to Order to show Cause" and that if I had accepted the Petitioner's proposed facts, I would have been required to have granted his petition for writ of habeas corpus [*Id.*].

The hearing officer determined that because the shank was found in the locking device of Hogan's cell there was some evidence that he possessed it. Hogan accuses me of "reweighing" the evidence by not accepting evidence he proposed that would undermine the evidence relied on by the hearing officer. But I would actually have been reweighing the evidence if I did as Hogan requests and accepted his version of the evidence over the findings of the hearing officer. Federal courts do not, however, second guess a disciplinary hearing board's factual findings or reweigh the evidence. *See Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (indicating that the standard is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). The opinion and order denying Hogan's petition for a writ of habeas corpus did not reweigh the evidence, and properly accepted the evidentiary findings of the hearing officer.

Hogan also argues that I improperly relied on *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1999), in deciding to uphold the hearing officer's finding of guilt [DE 22 at 2]. In *Hamilton*, the United States Court of Appeals for the Seventh Circuit held that where a weapon is found in an inmate's cell, he may be found guilty of possession of the weapon by joint or

constructive possession. *Id* at 345-46 (noting that due process was not violated when Hamilton was disciplined for possession of a weapon found in a cell occupied by him and three other inmates because there was "some evidence" that he possessed the weapon).

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest: there need only be "some evidence" to support the decision of the prison disciplinary board. *Hill*, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is *any* evidence in the record that could support the conclusion reached" by the disciplinary hearing board. *Id.* at 455-56. Applying the Seventh Circuit's reasoning in *Hamilton* to this case, I concluded that there is some evidence that Hogan possessed the knife found in the locking device of the cell that he occupied, so I must uphold the disciplinary hearing officer's finding of guilt.

The Petitioner has presented spirited arguments that on the particular facts of this case, he could not have been the one who placed the weapon in his cell's locking device and that there was "no ecidence [sic] presented to the hearing officer that petitioner ever possessed the weapon found" in his cell's locking device [DE 22 at 4]. But the disciplinary hearing officer concluded that Hogan could have placed the weapon in his cell's locking device, and used that fact to find him guilty. I am aware that the constructive possession reasoning in *Hamilton* raises a significant probability that some innocent inmates will be found guilty of possession of contraband found in their cells. But once a disciplinary hearing officer has made factual findings that contraband was found in an inmate's cell and that he could have been the one who placed it there, *Hamilton* requires me to consider the fact that the contraband was found in his cell as some evidence supporting a finding of guilt.

For the foregoing reasons, I **DENY** the Petitioner's motion to alter or amend judgment [DE 22].

**SO ORDERED**.

ENTERED: November 15, 2012          s/ Philip P. Simon
                                    PHILIP P. SIMON, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT